IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE HARRELL, #170-470       *
    Petitioner
                                             *
                                     CIVIL ACTION NO. RWT-09-245
                                             *
DAVID BLUMBERG,
    Respondent                      *

**MEMORANDUM OPINION**

Petitioner Tyrone Harrell, an inmate currently in the custody of the Maryland Division of Corrections, filed this 28 U.S.C. § 2241 application for habeas corpus relief on February 2, 2009. He asserts that the Maryland Parole Commission violated the due process and ex post facto clauses of the United States Constitution by retroactively applying parole eligibility guidelines to his sentence. Plaintiff seeks an immediate parole hearing. Paper No. 1. Respondent has answered the Petition. Paper No. 7. Petitioner has replied. Paper No. 12. Upon review of the pleadings, the undersigned shall deny the petition and dismiss the case without a hearing. See generally Rule 8, Rules Governing Section 2254 Cases in the United States District Courts.

**1. Factual Background**

On February 10, 1984, Petitioner was sentenced to a life term of incarceration, beginning June 3, 1981, plus 105 years consecutive.[1] Paper No. 7, Ex 1. On December 21, 1983, Petitioner received an eighteen-month sentence for escape. Id., Attachments B-D.

On June 5, 1986, an administrative review of Petitioner's parole file was conducted by the Parole Commission. The hearing officer determined that Petitioner would be eligible for parole upon serving fifteen years less diminution credits, plus one-quarter of the 105-year consecutive

---

[1] The commitment order further indicated that Petitioner was to be given no credit for the time from March 20, 1983 through October 20, 1983, as Petitioner had escaped from

sentence.  It was recommended that Petitioner be scheduled for an administrative review in June, 1991. Id., Attachment E.

The Parole Commission was notified, on July 31, 2001, by the Division of Correction, that Petitioner had become eligible for parole as to his life sentence effective July 8, 1994. Id., Attachment F.  A second administrative review was conducted on August 6, 2001. Id, Attachment G. The hearing officer noted that Petitioner appeared to have missed administrative reviews in June 1991 and September, 1995.  A third administrative review was held on June 26, 2006.  Petitioner's case has been scheduled for another administrative review in June, 2011. Id., Attachment H.

As noted, Petitioner became eligible for parole as to his life sentence in July, 1994. Id, Attachment F.  He is also serving sentences which total 105 years consecutive to the life sentence and must serve one-quarter of the 105 years before he is eligible for parole, e.g. 26 years and three months.  In determining his eligibility date, the Commission added the 26 years and three months to the July, 1994 parole eligibility date and found  that Petitioner will become parole eligible in October, 2020.  He will be scheduled for a parole hearing in June, 2020 in accordance with Commission practice of conducting parole hearings four months prior to parole eligibility. Id., Ex. 1.

## 2. Analysis

Petitioner claims his due process rights have been violated.  In order to state a cognizable claim for denial of due process under the Fifth or Fourteen Amendments, Petitioner must identify denial of protected liberty interest.  Due process applies when "government action deprives a person of liberty or property." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  "There is no constitutional or inherent right of a convicted person to be

---

custody. Id., Ex. 1, Attachment A.

conditionally released before the expiration of a valid sentence." Greenholtz. at 7; see also Sandin v. Conner, 515 U.S. 472 (1995) (early release through parole does not constitute a protected liberty interest); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (Maryland's parole statutes and regulations do not create a legitimate expectation of parole release). In the event a liberty interest is created by statute, due process requires only a hearing and statement of reasons for denial of parole. See Greenholtz, 442 U.S. at 7. Without a liberty interest, no process is due. See Henderson v. Simms, 223 F.3d 267, 274-5 (4th Cir. 2000).

Petitioner has been provided administrative parole reviews and has been advised of the basis for the calculation of his parole eligibility date. He has received all the process he was due.

Petitioner also claims the Maryland Parole Commission has violated the Ex Post Facto Clause of the Constitution. Petitioner has not identified any statute or regulation that the Parole Commission has applied to him in violation of the Ex Post Facto Clause.

The Ex Post Facto Clause of the United States Constitution prohibits retroactive increases in punishment for a crime after its commission. See U.S. Const. art I, § 9; Collins v. Youngblood, 497 U.S. 37, 43-43 (1990). It assures that "legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Weaver v. Graham, 450 U.S. 24, 28-9 (1981). The fact that a change in parole law may have occurred does not establish an ex post facto violation. See California Department of Correction v. Morales, 514 U.S. 499, 501-02 (1995). A retroactively applied parole regulation, guideline, or policy statement may violate the Ex Post 3 Facto Clause if it creates "a significant risk" of "a longer period of incarceration than under the earlier rule." Garner v. Jones, 529 U.S. 244, 255 (2000).[2]

---

[2] In Garner, the Court reviewed "whether the retroactive application of a Georgia law

3

Petitioner will not be imprisoned beyond the term imposed by the sentencing court. Petitioner has not pointed to any act of the Maryland General Assembly which has altered the definition of Petitioner's criminal conduct or increased the punishment for his crimes. Petitioner's bald allegation is not supported by the record. At the time Petitioner committed his offenses in 1981, the Annotated Code of Maryland provided that a prisoner serving a life sentence could be considered for parole after serving fifteen years, less any diminution credits. It also provided that prisoners serving a fixed term could be considered for parole after serving one-quarter of the term of confinement. See 1971 Md. Laws 1478 and 1979 Md. Laws 1036; Paper No. 7, Ex. 2 & 3. Currently, Maryland law provides that prisoners serving a life sentence may be considered for parole after serving fifteen years, less diminution credits. See Md. Code Ann. Corr. Serv. 7-301(d)(1). Maryland law concerning parole eligibility for prisoners serving fixed terms of confinement has been amended so that prisoners serving sentences for violent crimes committed on or after October 1, 1994, must serve one-half of the term prior to being considered for parole. Md. Code. Ann. Corr. Serv. 7-301(c). The Maryland Parole Commission has not applied this amendment to Petitioner. Rather, as noted above the Commission has properly calculated Petitioner's parole eligibility date based on Petitioner serving fifteen years of his life sentence, less diminution credits, plus one-quarter of his fixed term of confinement.

In light of the foregoing, relief is denied. A separate Order shall be entered reflecting the

---

permitting the extension of intervals between parole considerations violated the Ex Post Facto Clause." 529 U.S. at 246. The Court concluded because it could not determine on the record before it whether retroactive application of the law increased "to a significant degree, the likelihood or probability of prolonging respondent's incarceration." For that reason, the case was reversed and remanded. Id. at 256-57.

ruling set forth herein.

<u>May 14, 2010</u>

                                                      <u>       /s/       </u>
                                         ROGER W. TITUS
                           UNITED STATES DISTRICT JUDGE